IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CALVIN W. SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>DORCHESTER MANAGEMENT and EDDIE BENOIT, JR.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:21-CV-2736-LMM |

# ORDER

This case comes before the Court on Plaintiff Calvin W. Scott's Request for Preliminary Injunction and TRO [3]. After due consideration, the Court enters the following Order:

## I. BACKGROUND

Plaintiff Calvin W. Scott has sued the property management company responsible for his apartment, Dorchester Management, and its President, Mr. Eddie Benoit, Jr. Dkt. No. [1]. He alleges that a water leak in his unit made it uninhabitable, in part due to the growth of mold. Because of this situation, Plaintiff alleges that he moved into a hotel. He demanded that Defendant Dorchester Management pay for that hotel, but Defendant allegedly refused. Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction

to prevent Defendants "from taking any further actions" and an order directing Fulton County DFCS, Adult Protective Services Unit, to conduct an evaluation of Defendants' actions.

## II.   LEGAL STANDARD

Since Plaintiff is requesting *ex parte* relief, the Court reads his Motion as one for a temporary restraining order. See United States v. Kaley, 579 F.3d 1246, 1263–64 (11th Cir. 2009) (Tjoflat, J., concurring) ("Rule 65 provides that, under ordinary circumstances, courts have discretion to order a certain course of action by issuing a preliminary injunction only after affording the 'adverse party' notice and a hearing."). Regardless, the standard for a temporary restraining order and preliminary injunction are identical. Windsor v. United States, 379 F. App'x 912, 916–17 (11th Cir. 2010) (per curiam) (unpublished).

A preliminary injunction is "an extraordinary remedy" whose purpose is "to preserve the positions of the parties . . . until a trial on the merits may be held." Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011) (citing Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)); see also Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) ("In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites.") (en banc) (internal citations omitted). To win a preliminary injunction, Plaintiff must clearly establish the following: (1) a substantial likelihood of success on the merits, (2) irreparable

injury to Plaintiff absent the relief sought, (3) that the threatened injury to Plaintiff outweighs the harm the relief would inflict on Defendant; and (4) that the injunction, if granted, would not be adverse to the public interest. See, e.g., Siebert v. Allen, 506 F.3d 1047, 1049 (11th Cir. 2007).

### III.  DISCUSSION

The Court must deny Plaintiff's request because the Court lacks subject matter jurisdiction over his case. The Court must consider whether it has subject matter jurisdiction to hear a case, regardless of whether it is raised by the parties. See Wooden v. Bd. of Regents, 247 F.3d 1262, 1271 (11th Cir. 2001). Plaintiff's Civil Cover Sheet indicates that the basis for jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. [1-2]. However, the Court has carefully reviewed Plaintiff's filing and finds that he has alleged no federal cause of action, nor any reason to believe that the Court might have diversity jurisdiction.

Plaintiff cannot satisfy diversity jurisdiction as (1) Plaintiff cannot demonstrate the amount in controversy is met; and (2) Plaintiff has failed to allege diversity of citizenship. Dkt. Nos. [1, 1-1]. Plaintiff alleges that he suffered less-than $10,000 in damages due to out-of-pocket payments to the hotel where he has been staying and lost-income. Dkt. No. [1-1]. This is far short of the $75,000 threshold required for diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff has also failed to plead that he and Defendants are citizens of different states. Therefore, diversity jurisdiction is not satisfied.

"Where, as here, there is not complete diversity of citizenship, [Plaintiff] must show that federal question jurisdiction is present." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1289 (11th Cir. 2004) (citing 28 U.S.C. § 1441(b)). Federal question jurisdiction, created by 28 U.S.C. § 1331, provides that federal courts have jurisdiction "over 'all civil actions arising under the Constitution, laws, or treaties of the Untied States.'" Id. (quoting 28 U.S.C. § 1331). "'[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 1290 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

Plaintiff has alleged no federal causes of action against Defendants. He merely demands reimbursement for his hotel fees and lost wages due to Defendants' alleged failure to house him. Dkt. Nos. [1-1] at 5, [3] at 5. These allegations do not create federal question jurisdiction.[1] See Caterpillar, 482 U.S. at 392 ("[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law . . . .").

Accordingly, the Court finds that it lacks subject matter jurisdiction over this case. On this basis, Plaintiff's request for TRO and preliminary injunction are **DENIED**, and this case is **DISMISSED**.

---

[1] Plaintiff's Complaint and Emergency Motion for Relief includes an offhand reference to a federal statute: "[A]nd for some reason Fulton County Police were negligent violated Title 42 USC Sec, 241 and 241 for Failure to Intervene." Dkt. No. [3] at 5. Plaintiff has not sued Fulton County, however, or listed this statute as a cause of action against Defendants in this case. The Court therefore does not consider 42 U.S.C. § 241 to be a statute at-issue in this case.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's Request for Preliminary Injunction and TRO [3] is **DENIED**. Plaintiff's case is **DISMISSED without prejudice** for a lack of subject matter jurisdiction. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 8th day of July, 2021.

_____
**Leigh Martin May**
**United States District Judge**