IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CALVIN W. SCOTT, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:21-CV-2736-LMM |
| DORCHESTER MANAGEMENT and EDDIE BENOIT, JR., | : |
| Defendant. | : |

## ORDER

This case comes before the Court on Plaintiff Calvin W. Scott's Motion for Reconsideration [6]. The Court previously dismissed Mr. Scott's case for lack of subject-matter jurisdiction. Dkt. No. [4]. Mr. Scott raises no legal basis to reconsider that Order.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already

heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259 (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Because Mr. Scott presents no reason to reconsider the Court's prior dismissal for lack of subject-matter jurisdiction, his Motion [6] is **DENIED**. The Court sympathizes with Mr. Scott's housing difficulties, but the Court does not have the power to hear a case that has no grounds for federal jurisdiction, no matter the gravity of his case.

**IT IS SO ORDERED** this 2nd day of August, 2021.

_____
**Leigh Martin May**
**United States District Judge**